IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-38-FL

| | | |
|---|---|---|
| KEVIN SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction. (DE 10). Plaintiff did not respond, and the time for response has passed. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted.

**STATEMENT OF THE CASE**

Plaintiff commenced this action pro se in Wake County District Court, Small Claims Division, on January 3, 2020, against former defendant Amanda M. Robbins ("Robbins"), on the basis that Robbins utilized a noncommissioned officer evaluation report to harm plaintiff's military career and hinder plaintiff's future promotions with the United States Army. Plaintiff asserts that Robbins defamed plaintiff's character, via slander and libel, and discriminated against him as an African American officer, while plaintiff was acting within the policy of the United States Army. Plaintiff seeks $100.00 in damages.

Defendant removed to this court on the basis of the federal officer removal statute, 28 U.S.C. § 1442(a)(1), on February 3, 2020, followed by a certification of scope of employment and

notice of substitution, on February 4, 2020, substituting the United States as a party defendant in lieu of Robbins, who is certified to be a Sergeant Major of the United States Army.

Defendant filed the instant motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), on April 1, 2020, relying on a declaration of Shawn M. Sipes ("Sipes"). The court notified plaintiff on April 2, 2020, of the obligation to respond to the motion within 21 days. Plaintiff did not respond.

## STATEMENT OF THE FACTS

In the complaint, plaintiff alleges that Robbins "utilized a document, DA 2166-9-1, a noncommissioned officer evaluation report . . . to publish a libelous document . . . to harm [plaintiff's] military career and hinder ability [for] future promotions." (Compl. (DE 1-1) at 5). Plaintiff alleges that Robbins committed slander "by speaking with a ranking noncommissioned officer in charge" at a training center in Louisiana where plaintiff was transferred "and making slanderous statements against [him], to this person, in an effort to damage [his] character and reputation with this individual." (Id.).

Plaintiff also asserts that Robbins and other unidentified "defendants":

> engaged in racial bias, and did in fact discriminate against me as an African American, by showing a clear deference to white male soldiers that were members of the same unit; who's [sic] conduct that I personally witnessed insubordinate and itself discriminatory against women [sic], and nothing was done. In addition, a white male soldier that was outside of AR 670-1, which governs uniform and personal appearance, for years, [sic] and no administrative actions were engaged against this person. I believe the inactions by [Robbins] and others were racial [sic] biased in these matters.

(Id.). Plaintiff further alleges that "the defendants committed these acts out of malice" because they were angry at him for transferring away from their unit, where he had allegedly been subjected to harassment. (Id. at 6). Plaintiff concludes that "the defendants coopted multiple people to assist them in harassing [him]; by withholding relevant information concerning transferring to another

2

unit; lying about receiving documents, not returning correspondence like emails and refusing to answer questions." (Id.).

**COURT'S DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[ ] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.  Analysis

    1.  Tort Claims

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). The FTCA waives sovereign immunity, providing that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like

3

circumstances." 28 U.S.C. § 2674; see 28 U.S.C. § 1346(b). However, this waiver is subject to several important qualifications and limitations, each of which bars claims against the United States on jurisdictional grounds. See Meyer, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit.' ").

One such important limitation is that the general waiver of sovereign immunity for tort claims does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Therefore, where the United States government was properly substituted as defendant in this action, plaintiff's claims asserting libel and slander must be dismissed due to lack of subject matter jurisdiction.

In addition, and in the alternative, a plaintiff must administratively exhaust his claim under the FTCA as a prerequisite to suit. See 28 U.S.C. § 2675(a). Plaintiff has not done so in this case. (See Sipes Decl. (DE 12) ¶ 2). Therefore, plaintiff's tort claims must be dismissed on this basis also for lack of subject matter jurisdiction.

2.  Title VII Claims

"Congress intended to include only civilian employees of the military departments, and not uniformed service members, within the reach of Title VII." Randall v. United States, 95 F.3d 339, 343 (4th Cir. 1996). "[C]ourts have thus created a 'military exception' to Title VII." Hedin v. Thompson, 355 F.3d 746, 747 (4th Cir. 2004). Therefore, the court must "dismiss[] this count of [p]laintiff's complaint under Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction." Randall, 95 F.3d at 343.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 10) is GRANTED. Plaintiff's action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of May, 2020.

                                                  LOUISE W. FLANAGAN
                                                  United States District Judge